**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PATRICK WILSON,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | **NO. 06-2450** |
| **KATE ZIELKE, PHILIP F. PISANI, and** | : | |
| **DELAWARE COUNTY PRE-TRIAL** | : | |
| **AND BAIL SERVICES** | : | |

**DuBOIS, J.** **AUGUST 15, 2006**

**M E M O R A N D U M & O R D E R**

**M E M O R A N D U M**

## I. INTRODUCTION

This case arises out of plaintiff Patrick Wilson's claim that the defendants improperly applied and monitored an electronic device on his leg, and failed to provide medical treatment for the resulting injuries. Presently before the Court is Defendants' Kate Zielke, Philip F. Pisani, and Delaware County Pretrial and Bail Services' Motion for Partial Dismissal of Plaintiff's Complaint Pursuant to Rule 12(b)(6). For the reasons set forth below, defendants' motion to dismiss is granted in part and denied in part, and plaintiff Patrick Wilson is granted leave to amend his Complaint to state claims against the appropriate municipality, and claims under the First and Fourteenth Amendments.

## II. BACKGROUND

Plaintiff, Patrick Wilson, filed this suit pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 on June 9, 2006. His Complaint named the following three defendants: (1) Kate Zielke, a Delaware County Pre-Trial Probation Officer; (2) Philip Pisani, the Director of the Delaware County Pre-Trial Probation Office; and (3) Delaware County Pretrial and Bail Services.

The following version of events is largely taken from Wilson's Complaint: At all times relevant to the instant suit, Wilson was a pretrial detainee who was in home detention as a result of an arrest while driving under the influence of alcohol. Pl. Mem. 1, 6. On or about March 2, 2005, Zielke placed an electronic monitoring device on Wilson's lower right leg. Complaint ¶ 8. Although Wilson complained that the device was too tight, Zielke allegedly ignored his complaints. Id. at ¶ 9.

Over the next ten days, Wilson repeatedly complained to Zielke that the device was too tight, and was causing pain, numbness, and swelling. Id. at ¶ 10. Wilson showed Zielke the condition of his leg, but Zielke disregarded his pleas. Id. Pisani was made aware of Wilson's complaints, but also refused to remove and/or modify the device, and instead, threatened Wilson. Id. at ¶¶ 11-12.

On March 13, 2005, Wilson, no longer able to tolerate the pain and fearing injury, went to the hospital emergency room, where physicians removed the device from his leg. Id. at ¶ 13. Wilson states that he "suffered pain, swelling and permanent nerve damage, which rendered him sick, sore, lame and prostrate." Id. at ¶ 15.

In Count One of the Complaint, Wilson alleges that Zielke and Pisani: (1) improperly applied and monitored an electronic device on his leg, and were deliberately indifferent to his need for medical treatment for the resulting injuries; (2) violated of his right to freedom of expression under the First Amendment; and, (3) violated his right to due process of law under the Fourteenth Amendment. In addition, Wilson alleges that Pisani is liable for his failure to train, supervise, and monitor Zielke.

In Count Two of the Complaint, Wilson alleges that Delaware County Pre-Trial and Bail

Services was deliberately indifferent to the need for, or had a policy, practice, and custom of failing to provide an adequate system of investigation, supervision, and discipline in connection with officers applying and monitoring electronic devices. As a result, Wilson claims violations of his constitutional rights. In Count Three, Wilson alleges that Zielke and Pisani's actions constituted assault and battery.

## III. ANALYSIS

### A. Legal Standard

In analyzing that defendants' motion to dismiss, the Court accepts as true the facts alleged in the Complaint, drawing all reasonable inferences in favor of Wilson. In re Merck & Co., Inc. Securities Litig., 432 F.3d 261, 266 (3d Cir. 2005); Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004). The Court will grant defendants' motion to dismiss only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations in the Complaint. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### B. Summary of the Parties' Arguments

The defendants' motion to dismiss makes three arguments. First, Wilson cannot assert a § 1983 claim against defendant "Delaware County Pretrial and Bail Services." Second, the crux of Wilson's Complaint is that defendants subjected him to cruel punishment by refusing to remove or modify the electronic monitoring device from his right ankle. The Eighth Amendment provides Wilson with the relevant constitutional protection, not the Fourteenth Amendment, as Wilson alleges. Third, Wilson alleges no facts showing that defendants restrained his freedom of speech or retaliated against him in violation of the First Amendment.

Wilson responds by asserting that defendants' argument that Delaware County Pretrial

and Bail Services is not a proper party is not cognizable on a motion to dismiss. He further argues that his claims are appropriately brought under the Fourteenth Amendment because he was a pretrial detainee, rather than a sentenced prisoner. In addition, he contends that he has adequately stated a claim for a violation of his First Amendment rights, and to the extent that the Court deems the pleading inadequate, Wilson seeks an opportunity to amend his Complaint.

The Court addresses the parties' arguments in turn.

**C. Discussion**

**1. Delaware County Pretrial and Bail Services is not a proper defendant.**

Wilson cannot assert a § 1983 claim against Delaware County Pretrial and Bail Services. This determination is based on the fact that Delaware County Pretrial and Bail Services is a municipal department. Although a municipality may be sued in a § 1983 action, Monell v. Department of Social Services, 436 U.S. 658 (1978), a municipal department and/or subdivision cannot be sued in a § 1983 action. See Martin v. Red Lion Police Department, 146 Fed. Appx. 558, * 562 n.3 (3d Cir. 2005) ("a municipal . . . department, without an identity separate from the municipality of which it is a part, is not a proper defendant in a § 1983 action.").

To the extent that defendants seek to dismiss Delaware County Pretrial and Bail Services as a defendant in this action, the motion to dismiss is granted. In addition, the Court grants Wilson leave to amend his Complaint to name the appropriate municipality as a defendant.

**2. Wilson's substantive due process claims under the Fourteenth Amendment are not subject to dismissal.**

The U.S. Supreme Court and the Third Circuit have recognized that pretrial detainees who do not receive necessary medical care or are otherwise subjected to unconstitutional

conditions can state claims under the substantive due process clause of the Fourteenth Amendment. See, e.g., Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983); Montgomery v. Ray, 145 Fed. Appx. 738 (3d Cir. 2005). Because Wilson was a pretrial detainee at the times relevant to the instant suit, he can state a claim for violations of his substantive due process rights under the Fourteenth Amendment, and he has done so.

In Revere v. Massachusetts General Hospital, 463 U.S. 239 (1983), the Supreme Court discussed the distinction between a prisoner pleading under the Eighth Amendment about indifference to his medical needs, and a pretrial detainee pleading under the substantive due process clause of the Fourteenth Amendment about indifference to his medical needs. The Court made clear that for pretrial detainees, "the relevant constitutional provision is not the Eighth Amendment but is, instead, the Due Process Clause of the Fourteenth Amendment." Id. at 244. The Court explained that "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." Id. The Court noted that for pretrial detainees,

> [t]he Due Process Clause . . . does require the responsible government or governmental agency to provide medical care to persons, such as [pretrial detainees], who have been injured while being apprehended by the police. In fact, the due process rights of a person in [this] . . . situation are at least as great as the Eighth Amendment protections available to a convicted prisoner.

Id. at 243-44 (internal citations and quotations omitted).

Likewise, the Third Circuit has concluded that pretrial detainees may state a claim under the substantive due process clause of the Fourteenth Amendment. In Montgomery v. Ray, 145 Fed. Appx. 738 (3d Cir. 2005), the Court of Appeals explained:

> [T]he Eighth Amendment only acts as a floor for due process inquiries into medical and

> non-medical conditions of pretrial detainees. While the due process rights of a pre-trial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner, the proper standard for examining such claims is . . . whether the conditions of confinement (or here, inadequate medical treatment) amounted to punishment prior to an adjudication of guilt . . . .

Id. at 740.

Both the Supreme Court and the Third Circuit have recognized that pretrial detainees who receive inadequate medical treatment or medical injury can state a claim under the substantive due process clause of the Fourteenth Amendment. For this reason, to the extent that the defendants' motion seeks to dismiss Wilson's Fourteenth Amendment claims, it is denied.

**3. Wilson has not stated a claim under the First Amendment.**

In the Complaint, Wilson alleges that "Pisani responded to these pleas [to remove the electronic device from plaintiff's leg] by threatening plaintiff." Complaint ¶ 11. According to Wilson, this is sufficient to state a claim under the First Amendment. The Court disagrees. The only allegation in the Complaint on this issue – that Pisani was "threatening [to] plaintiff" – fails to state a claim under the First Amendment. To the extent that defendants seek to dismiss Wilson's First Amendment claims, the motion to dismiss is granted.

The Court notes that, in his response to defendants' motion to dismiss, Wilson explains that if he is granted an opportunity to amend his Complaint, he will allege, inter alia, that:

> Zielke repeatedly responded to plaintiff's complaints by telling him that if he did not stop complaining, she would put him in jail; while defendant Pisani called plaintiff's criminal attorney's office and stated that if plaintiff didn't stop calling and complaining, he (Pisani) would personally put plaintiff in prison. These threats chilled plaintiff's efforts to communicate about the injuries he was suffering and the need for defendants to provide him relief.

Pl. Mem. 10 n.4.

These additional allegations are barely sufficient to state a claim under the First and Fourteenth Amendments; the Court concludes they are sufficient to withstand a motion to dismiss. Accordingly, the Court grants Wilson leave to amend his Complaint to include such allegations in paragraph 12 of the Complaint.

## IV. CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss is granted only to the extent that it seeks to dismiss (1) Delaware County Pretrial and Bail Services as a defendant; and (2) Wilson's claims under the First Amendment. The defendants' motion to dismiss is denied only to the extent that it seeks to dismiss Wilson's substantive due process claims under the Fourteenth Amendment.

The Court grants Wilson leave to amend his Complaint in order to state claims in accordance with this Memorandum (1) against the appropriate municipality, and (2) under the First and Fourteenth Amendments.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PATRICK WILSON,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | **NO. 06-2450** |
| **KATE ZIELKE, PHILIP F. PISANI, and** | : | |
| **DELAWARE COUNTY PRE-TRIAL** | : | |
| **AND BAIL SERVICES** | : | |

**ORDER**

**AND NOW** this 15th day of August, 2006, upon consideration of Defendants' Kate Zielke, Philip F. Pisani, and Delaware County Pretrial and Bail Services' Motion for Partial Dismissal of Plaintiff's Complaint Pursuant to Rule 12(b)(6) (Document No. 5, filed July 14, 2006) ("Defendants' Motion to Dismiss"), and Plaintiff's Memorandum in Opposition to Defendants' Motion for Partial Dismissal of Plaintiff's Complaint (Document No. 8, filed July 20, 2006), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that Defendants' Kate Zielke, Philip F. Pisani, and Delaware County Pretrial and Bail Services' Motion for Partial Dismissal of Plaintiff's Complaint Pursuant to Rule 12(b)(6) **IS GRANTED IN PART AND DENIED IN PART**, as follows:

1. Defendants' Motion to Dismiss **IS GRANTED** to the extent that it seeks to dismiss (a) Delaware County Pretrial and Bail Services as a defendant; and (b) Wilson's claims under the First Amendment.

2. Defendants' Motion to Dismiss **IS DENIED** to the extent that it seeks to dismiss Wilson's substantive due process claims under the Fourteenth Amendment.

**IT IS FURTHER ORDERED** that plaintiff Patrick Wilson **IS GRANTED LEAVE TO AMEND** the Complaint to state a claim against the appropriate municipality, and to amend paragraph 12 based on the language set forth in the Plaintiff's Memorandum in Opposition to Defendants' Motion for Partial Dismissal of Plaintiff's Complaint in order to state a First and Fourteenth Amendment claim against defendants Kate Zielke and Philip F. Pisani.[1] The Amended Complaint shall be filed and served on or before August 22, 2006. One copy shall be served on the Court (Chambers, Room 12613) when the original is filed.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**

**JAN E. DUBOIS, J.**

---

[1] That language is as follows:

Zielke repeatedly responded to plaintiff's complaints by telling him that if he did not stop complaining, she would put him in jail; while defendant Pisani called plaintiff's criminal attorney's office and stated that if plaintiff didn't stop calling and complaining, he (Pisani) would personally put plaintiff in prison. These threats chilled plaintiff's efforts to communicate about the injuries he was suffering and the need for defendants to provide him relief. Pl. Mem. 10 n.4.