IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK WILSON, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 06-2450 |
| | : | |
| v. | : | |
| | : | |
| KATE ZIELKE, et al. | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

**Jones, J.**                                                                                        **April 23, 2009**

Before the Court is Defendant's Motion for Summary Judgment (Docket No. 27), four Motions *in Limine* (Docket Nos. 42, 43, 46, 50), and Plaintiff's Motion for Reconsideration (Doc. No. 75).

There are two threshold matters arising from oral argument. First, after argument from the parties and for the reasons stated on the record, the Court orally granted summary judgment in favor of Defendant Philip F. Pisani on all Counts. This is reflected in the Order accompanying this Memorandum. Second, as discussed, the Court has reviewed the propriety of Plaintiff's "cruel and unusual punishment" claim. The Court finds that this claim is proper under the Fourteenth Amendment. Hubbard v. Taylor, 399 F.3d 150 (3d Cir. 2005) (citing Fuentes v. Wagner, 206 F.3d 335, 344 (3d Cir. 2000) and Bell v. Wolfish, 441 U.S. 520 (1979)).

In addition, at oral argument the Court ordered supplemental briefing on two subjects: (a) the admissibility of the testimony of Dr. Richard Katz and (b) the admissibility of evidence of Plaintiff's alcoholism and/or substance abuse.

The motions will be resolved as follows.

I.  **Summary Judgment Motion**

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a summary judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).  In order to defeat a motion for summary judgment, disputes must be both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322-23.  An issue is genuine if the fact finder could reasonably return a verdict in favor of the non-moving party with respect to that issue. Anderson, 477 U.S. at 248.  In reviewing a motion for summary judgment, the court "does not make credibility determinations and must view facts and inferences in the light most favorable to the party opposing the motion." Seigel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1127 (3d Cir. 1995).

In this instance, there are so many genuine disputes of material fact as to make listing all of them a waste of judicial resources.  However, mindful of the Third Circuit's preferences when qualified immunity is asserted, the Court will highlight the core disputes of material fact at play here.

Regarding Plaintiff's First Amendment retaliation claim, nearly every critical fact is disputed. These include facts concerning (a) whether Plaintiff complained to Defendant Kate Zielke ("Zielke") about the ankle monitor being on too tight, (b) the nature of Plaintiff's complaints to Zielke, (c) how often Plaintiff complained to Zielke, (d) Zielke's response to Plaintiff's complaints, (e) Plaintiff's behavior in response to Zielke's response to Plaintiff's complaints, and (f) the impact on Plaintiff of Zielke's response to Plaintiff's complaints. These disputes are material, and Plaintiff has adduced evidence such that a jury could find for the non-moving party.

Regarding Plaintiff's Fourteenth Amendment claims, there is a similar glut of disputed facts. These include facts concerning (a) whether Plaintiff was in Zielke's custody and control, (b) whether the ankle monitor was placed on too tight, (c) whether Plaintiff suffered pain from the ankle monitor being put on too tight, (d) whether Zielke was aware the ankle monitor was on too tight, (e) whether Zielke ignored Plaintiff's complaints about pain and suffering caused by the ankle monitor (*i.e.*, what Zielke did when and if she became aware the ankle monitor was on too tight and causing pain), and (f) whether Zielke acted to punish Plaintiff by not loosening the ankle monitor. These disputes are material, and Plaintiff has adduced evidence such that a jury could find for the non-moving party.

Zielke has asserted qualified immunity as a defense. Certain officials, including police officers and other state actors who perform "discretionary functions," are shielded from suit if their conduct did not violate a "clearly established statutory or constitutional right[ ] of which a reasonable person would have known." Saucier v. Katz, 533 U.S. 194, 200-01 (2001); Wilson v. Layne, 526 U.S. 603, 609 (1999). This doctrine, known as "qualified immunity," provides not

only a defense to liability, but immunity from suit.  Hunter v. Bryant, 502 U.S. 224, 227 (1991); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  To gain the protection of the doctrine, the defendant must show that (1) the plaintiff has not demonstrated "a deprivation of an actual constitutional right" or (2) that the right at issue was not "clearly established at the time of the alleged violation."  Conn v. Gabbert, 526 U.S. 286, 290 (1999); see Kopec v. Tate, 361 F.3d 772, 775-76 (3d Cir.2004).  The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.  Saucier, 533 U.S. at 202; Pitner v. Murrin, 2008 U.S. Dist. LEXIS 48754 (E.D. Pa. June 23, 2008).

    Here, qualified immunity does not adhere.

    Plaintiff has a clearly established right under the First Amendment to be free of retaliation for speech.  Governmental action designed to retaliate against and chill expression strikes at the heart of the First Amendment.  Larsen v. Senate of Com. of Pa., 154 F.3d 82, 93-94 (3d Cir. 1998);  Palma v. Atlantic County, 53 F. Supp. 2d 743 (D.N.J. 1999) (citing Mendocino Environmental Center v. Mendocino County, 14 F.3d 457, 464 (9th Cir. 1994) and Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986), cert. denied, 479 U.S. 1054 (1987)). Plaintiff has adduced facts which, if proven, could establish that Plaintiff's speech was a substantial or motivating factor in the alleged retaliatory action.  Larsen, 154 F.3d at 93-94 (3d Cir. 1998) (citing Feldman v. Philadelphia Hous. Auth., 43 F.3d 823, 829 (3d Cir. 1994)).[1]

    The qualified immunity analysis also requires a determination as to whether reasonable

---

[1] This rule is derived from the Supreme Court's opinion in Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977).

officials could believe that their conduct was not unlawful even if it was in fact unlawful. In the context of a First Amendment retaliation claim, that determination turns on an inquiry into whether officials reasonably could believe that their motivations were proper even if their motivations were in fact retaliatory. Larsen, 154 F.3d at 94. While a plaintiff may not recover merely on the basis of a speculative chill due to generalized and legitimate law enforcement initiatives, he may where he adduces evidence of discrete acts of intimidation directed solely at silencing protected speech. Palma, 53 F. Supp. 2d at 753 (citing Mendocino Envtl. Ctr., 14 F.3d at 464). Here, Plaintiff has raised a jury question as to whether a reasonable official could believe that conduct, in response to speech, which causes pain and suffering is based upon proper motivations.

Second, Plaintiff has a clearly established right to not be subjected to indifference to a serious medical need under the Fourteenth Amendment. Plaintiff has a constitutional right to adequate medical care which is violated when (a) there is a serious medical need and (b) there are acts or omissions by government officials that indicate deliberate indifference to that need. Natale v. Camden County Correctional Facility, 318 F.3d 575 (3d Cir. 2003); Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).[2] Deliberate indifference is a "subjective standard of liability consistent with recklessness as that term is defined in criminal law." Nicini v. Morra, 212 F.3d 798, 811 (3d Cir. 2000). In Farmer v. Brennan, the Supreme Court held that finding an official

---

[2] The Supreme Court has concluded that the Fourteenth Amendment affords pre-trial detainees protections at least as great as the Eighth Amendment protections available to a convicted prisoner, without deciding whether the Fourteenth Amendment provides greater protections. Natale, 318 F.3d at 581 (citing City of Revere v. Massachusetts General Hospital, 463 U.S. 241, 244 (1983)); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1079-80 ("Thus, at a minimum, the deliberate indifference standard of Estelle v. Gamble must be met.").

liable for violating a prisoner's rights requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." 511 U.S. 825, 837 (1994). He must be "both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and ... draw the inference." Id. To survive a summary judgment motion on this issue, the Plaintiff "must point to some evidence beyond his raw claim that [Zielke] was deliberately indifferent," or put another way, some evidence "that [Zielke] knew or was aware of the risk to [Plaintiff]." Singletary v. Pa. Dept. of Corrections, 266 F.3d 186, 192 n.2 (3d Cir. 2001).

In situations involving claims for inadequate medical care, the Third Circuit has found deliberate indifference in situations where there was "objective evidence that [a] plaintiff had serious need for medical care," and government officials ignored that evidence. Nicini, 212 F.3d at 815 n.14. It has also found deliberate indifference in situations where "necessary medical treatment is delayed for non-medical reasons." Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (citing Ancata v. Prison Health Servs., 769 F.2d 700, 704 (11th Cir. 1985)).

Sufficient evidence exists in the record that would enable a factfinder to reasonably conclude that Zielke was deliberately indifferent to Plaintiff's serious medical needs, and this precludes the granting of summary judgment. Based on the record, a reasonable jury could conclude that Zielke knew that Plaintiff was suffering pain, swelling and numbness from a too-tight ankle monitor and that if the ankle monitor was not loosened as required, he would suffer adverse health consequences. In addition, there is evidence that could enable a reasonable jury to conclude that Zielke delayed medical treatment for non-medical reasons – namely, dislike of Plaintiff and Plaintiff's complaints and the policy that Plaintiff should seek care from someone

other than Zielke even when Zielke was aware of his serious needs.  Plaintiff has, therefore, provided sufficient evidence to survive a motion for summary judgment on the question of whether Zielke violated his Fourteenth Amendment right to adequate pre-trial attention to serious medical needs.

Third, Plaintiff has a clearly established right to be free of cruelty and punishment under the Fourteenth Amendment.  If a particular condition or restriction of pre-trial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment."  Hubbard v. Taylor, 399 F.3d at 158.  Conversely, if a restriction or condition is not reasonably related to a legitimate goal – if it is arbitrary or purposeless – a court may permissibly infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees.  Id.  As such, the Court must engage in a two-step test: first, whether any legitimate purposes are served by the conditions imposed by the officials, and second, whether those conditions are rationally related to reasonable purposes.  Id. at 166.

In this case, Plaintiff has adduced evidence from which a reasonable jury could conclude that Zielke placed the ankle monitor on his leg in such a fashion as to immediately, and for a period of twelve days, cause progressively worse pain and suffering, and that Zielke was on notice of the effect of the conditions she had imposed.  Further, the record could enable a reasonable jury to find that there was no legitimate purpose in placing an ankle monitor so tight that it causes pain, refusing to examine it in response to complaints, and declining to loosen it for twelve days while Plaintiff suffered pain, swelling, numbness, bleeding, infection and nerve damage.  See, e.g., Perez v. Young, 2000 U.S. Dist. LEXIS 9174, *5-6 (E.D. Pa. June 30, 2000)

(finding that infliction of pain may give rise to a constitutional claim if it is done so "either deliberately, as punishment or mindlessly, with indifference to the prisoners' humanity").

Accordingly, summary judgment will be denied on all claims.

## II.  Motions *in Limine*

### A.  Plaintiff's Motion *in Limine* for Court Supervision of Video Depositions

Pursuant to oral argument, this motion will be dismissed as moot without prejudice. Plaintiff may file another motion if any problems that cannot be resolved between the parties arise during trial depositions.

### B.  Defendants' Motion *in Limine* to Admit Evidence of Plaintiff's Prior Lawsuit Against WaWa.

This motion will be denied.  While evidence of the prior injury sustained during the WaWa incident is relevant as to causation and damages, evidence of the prior lawsuit related thereto is irrelevant and prejudicial.

### C.  Plaintiff's Motion *in Limine*

This motion will be denied in part and granted in part.

The Court finds Defense Exhibits 1 and 2 to be admissible as relevant.  The Court finds Defense Exhibits D-3 through D-6 to be inadmissible as irrelevant to trial issues, subject to exceptions for relevancy to be raised by counsel prior to trial.

The Court finds evidence of prior lawsuits to be inadmissible as irrelevant and prejudicial.  Accordingly, Defense Exhibits D-32 through D-46 are excluded, and the testimony of witnesses regarding prior lawsuits is prohibited.

The Court finds evidence of prior arrests to be inadmissible as irrelevant and prejudicial.

Accordingly, Defense Exhibits D-7, D-10, D-11, D-27, D-28, D-48, and D-49 are excluded, and the testimony of witnesses regarding prior arrests is prohibited.

The Court finds evidence of prior injuries to be admissible only to the extent they relate to the same body part and injuries or symptoms as form the crux of the instant action.  As such, exhibits pertaining to the WaWa injury are relevant, and exhibits pertaining to other injuries are not.  Accordingly, Defense Exhibits D-17, D-18, D-20, D-21, D-22, and D-24 are excluded, and the testimony of witnesses as to any injury other than the WaWa incident injury is prohibited.

The Court finds that the expert report of Dr. Richard Katz is sufficient under Federal Rule of Civil Procedure 26.  Dr. Katz reviewed medical records that suggest Plaintiff's alcohol-related activity.  Dr. Katz is permitted to testify as to the facts he considered and the conclusions he reached related thereto.  Accordingly, the testimony of Dr. Katz will be permitted.

The Court will permit questions about Plaintiff's use of Carol Schiliro's car for impeachment purposes, but will exclude testimony as to the details of that use (e.g., when the vehicle was returned) as irrelevant.

The Court finds that correspondence between Mr. Nistico and the bail office subsequent to the events that form the basis of the instant suit to be irrelevant.  Accordingly, Defense Exhibits D-9 and D-15 and any testimony related thereto are excluded.

      **D.**     **Plaintiff's Motion *in Limine* Regarding the Admissibility of Evidence of Plaintiff's Alcoholism and/or Substance Abuse.**

The Court finds evidence regarding Plaintiff's alcohol and/or substance abuse to be relevant to (a) lost or future wages and (b) causation, and is admissible for those limited purposes.  However, as discussed above, any evidence that references Plaintiff's prior arrests is

excluded.

### III.  Plaintiff's Motion for Reconsideration

Based on discussion at oral argument, Plaintiff has filed a Motion for Reconsideration (in advance of the Court's written opinion) concerning the Court's conclusion that the Complaint and Amended Complaint (Defense Exhibits D-1 and D-2) are admissible evidence in the instant matter.  This motion is denied.  The Court will consider the propriety of a limiting instruction at the appropriate time.

An appropriate Order follows.